Dear Mr. Machen:
On behalf of the Bossier Parish School Board ("School Board"), you have requested an opinion from this office regarding the applicability of La.R.S.11:1007 to the School Board's reemployment of a retired bus driver. La.R.S.11:1007 ("Section 1007"), as enacted by Act 213 of the 2007 Regular Session of the La. Legislature ("Act 213") pertains to the reemployment of retired bus drivers in school districts with a shortage of qualified bus drivers and became effective on July 1, 2007. As provided in your letter, the School Board was in need of a fully-qualified bus driver and hired a retired bus driver on full-time basis on January 9, 2007, approximately six months prior to the effective date of Act 213. This bus driver was hired pursuant to La.R.S. 11:1006 ("Section 1006") concerning the reemployment of retirees in general.
As further provided in your letter, at some point after the July 1, 2007 effective date of Act 213, the School Board received a statement from the Louisiana School Employees Retirement System ("retirement system") for $17,287.38 in actuarial costs associated with the reemployment of this bus driver. The retirement system claims this bus driver was hired pursuant to the newly-enacted Section 1007. The School Board contends that Section 1007 is not applicable to the reemployment of this bus driver because Section 1007 was not effective, in fact did not exist, when this driver was hired on January 9, 2007. The School Board further contends applying Section 1007 to the reemployment of this bus driver would be a retroactive application of this statute in violation of Louisiana law. Thus the School Board has asked the opinion of this office as to whether Section 1007 *Page 2 
applies to, or can be applied retroactively, to the reemployment of this retired bus driver.
Article 6 of the Louisiana Civil Code provides that in absence of contrary legislative expression, substantive laws apply prospectively only. Substantive laws are laws that impose new duties, obligations, or responsibilities upon parties or laws that establish new rules, rights, and duties or change existing ones.[1] Among other things, Section 1007 provides for a one-year suspension of a retired bus driver's retirement benefits upon rehire within the twelve-month period immediately following initial retirement, and it changes the way actuarial costs are allocated to the school system. Section 1007 is substantive in nature, and therefore applies prospectively only, unless the legislature expressly provided for its retroactive application. The determination of whether the Legislature expressly provided for retroactive application of a law is made by examining the specific language contained in the Act.[2] Act 213 contains no language indicating legislative intent to make Section 1007 apply retroactively. Given that Section 1007 did not apply to the reemployment of this bus driver on January 9, 2007 because it was not effective, in fact did not exist, on that date, and that Section 1007 is substantive and may not be applied retroactively, it is the opinion of this office that Section 1007 is not applicable to the School Board's reemployment of this bus driver on January 9, 2007.
However, when Act 213 became effective, it provided the School Board with the option to reemploy this bus driver pursuant to Section 1007. Thus, as of July 1, 2007, the School Board could have either continued to employ this bus driver pursuant to Section 1006, or it could have chosen to reemploy this bus driver pursuant to the provisions of the newly-enacted Section 1007. We will discuss both sections and the effect of reemploying a retired bus driver pursuant to each.
Section 1006 is a general provision pertaining to the reemployment of retirees and provides in pertinent part as follows:
La.R.S. 11:1006. Reemployment of retirees
A. (1) Any service retiree of the Louisiana School Employees' Retirement System may be reemployed in any position covered by the system as a full-time, part-time, temporary, or substitute employee subject to the provisions of this Section.
(2) The employing agency shall transmit monthly, by the fifteenth day after the end of the month, a report with the name, social security number, and the amount of earnings of the retiree during the previous month.
 * * * *Page 3 
B. If the earnings of the reemployed retiree in any fiscal year are in excess of fifty percent of average compensation, an amount equal to the amount of the earnings in excess of fifty percent of average compensation for the fiscal year shall be repaid to the retirement system, either through direct reimbursement to the system or by suspension of benefits; however, the repayment amount shall not exceed the amount of retirement benefits received by the retiree for the fiscal year.
 * * *
D. The provisions of this Section shall not apply to any retiree of this system who retired from service as a bus driver, who returns to active service in a full-time position as a bus driver covered by the provisions of this Chapter, and whose employer chooses to reemploy him pursuant to R.S. 11:1007. The full-time reemployment of such retired bus drivers shall be governed by the provisions of that Section.
Section 1006 authorizes the reemployment of any type of service retiree, including retired bus drivers. Unlike Section 1007, which exclusively provides for the reemployment of retired bus drivers, Section 1006 provides that any service retiree to may be reemployed as full-time, part-time, temporary or substitute employees. As can be seen, however, Subsection (B) of Section 1006 imposes a limit on the amount such a retiree may earn in a fiscal year to an amount equal to up to fifty percent of the retiree's average compensation for the fiscal year and requires retirees to reimburse to the retirement system for any amount earned in excess of this fifty percent.
Prior to July 1, 2007, Section 1006 was the only section authorizing the reemployment of retirees. According to the retirement system, the limitation on earnings referenced above was exacerbating an existing shortage of qualified bus drivers in some school districts, and Section 1007 was enacted to assist those districts. The retirement system indicated that school districts had to employ two retired bus drivers each year because retired bus drivers worked about half of a year before they reached the limitation on earnings. Having to hire two retired bus drivers to fill one vacancy increased the overall shortage of qualified bus drivers. Accordingly, Section 1007 was enacted to allow a retired bus driver to return to active service in a full-time position as a bus driver in school districts that are experiencing a shortage of bus drivers, if the employer elected to reemploy the bus driver pursuant to the provisions of Section 1007, which provides in pertinent part as follows:
La.R.S. 11:1007 Employment of retired bus drivers
B. During the period of his return to active service, the reemployed bus driver and his employer shall make contributions to the retirement system as provided by this Chapter. However, the bus driver shall receive no additional service credit and shall not accrue any additional benefits in the retirement system. After termination of active service and upon application *Page 4 
therefore, the retiree shall be refunded the employee contributions paid during reemployment. The refund shall be without interest. The retirement system shall retain all interest and employer contributions.
 * * *
D. The status of any retired bus driver who is reemployed pursuant to the provisions of this Section shall be the same as that of a full-time active employee and shall be governed by the rules, procedures, policies, and statutes that apply to all such active employees.
E. The provisions of R.S. 11:1006 shall not be applicable to any retiree to whom this Section applies.
F. Any employer who participates in the reemployment of any retired bus driver pursuant to this Section shall pay the actuarial cost in aggregate attributable to the reemployment of such bus driver in excess of the cost that would have been incurred if the employer had reemployed the driver or drivers pursuant to R.S. 11:1006 as determined by the system's actuary.
Retired bus drivers reemployed pursuant to Section 1007 are considered to have returned to active service and are governed by the laws and regulations that apply to all such active employees. Both the reemployed bus driver and the employer must make contributions to the retirement system during the bus driver's return to active service. Significantly, the reemployed bus driver is not subject to the limitation on the amount earned in a fiscal year, and the employer must pay the actuarial costs attributed to the reemployment.
In the instant case, whether the School Board is obligated to pay the actuarial costs associated with the reemployment of this bus driver depends on which provision the School Board chose to use in reemploying this bus driver. Although this office does not have sufficient information to make this determination, if the School Board elected to continue its reemployment of this bus driver pursuant to Section 1006, it will have to continue to submit monthly earnings reports to the retirement system, and this bus driver will still be limited in the amount that could be earned in a fiscal year. Neither the bus driver nor the School Board will be making contributions to the retirement system, and the School Board would not be responsible for the actuarial costs associated with this reemployment.
Alternatively, if after July 1, 2007, the School Board elected to reemploy this bus driver pursuant to Section 1007, this bus driver will be in the active service and both the driver and the School Board will be making contributions to the retirement system. The limitation on earnings will no longer apply to this driver and the School Board is required to pay the actuarial costs associated with this reemployment. *Page 5 
We trust this addresses your concerns. If you have any additional questions, please feel free to contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: _______________________ DENISE BROU FITZGERALD Assistant Attorney General
JDC/DBF/lbw
[1] Manuel v. La. Sheriff's Risk Management Fund, 1995-0406 (La. 11/27/95), 664 So.2d 81.
[2] M.J. Farms, Ltd. v. Exxon Mobil Corp., 2007-2371 (La. 7/1/08), 998 So.2d 16.